## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANNON GREENE,** | ) | CIVIL ACTION NO. 2:22-cv-848-RJC |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **7-ELEVEN, INC. d/b/a** | ) | |
| **SEI SPEEDWAY HOLDINGS, LLC,** | ) | |
| **d/b/a SPEEDWAY, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

### I.   PRELIMINARY STATEMENT

By this action, Plaintiff, Shannon Greene, seeks wage loss, compensatory and punitive damages, costs, attorneys' fees, pre and post-judgment interest because Speedway, LLC discriminated against her due to her gender, a violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000. Plaintiff also seeks the same remedies as a result of Defendant's termination of her employment in retaliation for her complaints of discrimination that is in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000.

### II.   JURISDICTION

1. This Court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3. On October 15, 2021, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportnity Commission (hereinafter "EEOC") against the Defendant, alleging sex discrimination and retaliation. Plaintiff's Charge was dual-filed with the Pennsylvania Human Rights Commission (hereinafter "PHRC").[1]

4. The EEOC issued a Notice of Right to Sue Letter to Plaintiff on May 23, 2022. This Complaint has been filed within ninety (90) days of the Plaintiff's receipt of the letter, thus making this action timely.

### III.   PARTIES

5. Plaintiff is Shannon Greene (hereinafter "Ms. Greene"), an adult individual who resides in Oklahoma.

6. Defendant 7- Eleven, Inc.d/b/a SEI Speedway Holdings, LLC d/b/a Speedway, LLC (hereinafter "Speedway") is a foreign corporation located at 5701 Grand Ave., Neville Township, PA 15225.

7. Defendant employs more than 15 employees.

8. At all relevant times, Speedway is an employer within the definition of Title VII.

9. At all relevant times, Ms. Greene was an employee of Speedway within the definition of Title VII.

### VI.   STATEMENT OF CLAIM

10. On or about May 3, 2021, Ms. Greene began working at Speedway as an Assistant Manager.

11. Ms. Greene worked at Speedway Store #2910 located in Neville Township, PA.

---

[1] Once the administrative requirements have been exhausted, Plaintiff intends to amend this Complaint to include two additional counts under the PHRA.

12. Ms. Greene was a good employee who received positive comments while working at Speedway.

13. Ms. Greene did not receive any written disciplinary actions while working for Speedway.

14. Ms. Greene was not placed on a performance improvement plan while working at Speedway.

15. Ms. Greene's supervisor was the General Manager Brian Battista ("Mr. Battista").

16. During her first week of employment, Ms. Greene was exposed to a culture of discrimination and harassment that was sanctioned by Mr. Battista.

    a. During Ms. Greene's first week of work she observed cashiers Will (Last Name Unknown) and Kenneth (Last Name Unknown) inappropriately touching each other. Kenneth reached out and grabbed Will's nipple (hereinafter "Nipple Grabbing Incident").

    b. Mr. Battista said nothing to either employee and laughed about the Nipple Grabbing Incident.

    c. The Nipple Grabbing Incident made Ms. Greene deeply uncomfortable.

17. In addition to the Nipple Grabbing Incident, employees regularly had sexually inappropriate conversations in front of Ms. Greene in which Mr. Battista either participated or sanctioned including but not limited to:

    a. Mr. Battista and Employees Glen Piotrowski, Will, and Kenneth discussing having sexual intercourse with their girlfriends in graphic detail.

    b. Mr. Battista and Employees Mr. Piotrowski, Will, and Kenneth discussing their penis length in graphic detail.

18. Further, starting in May 2021 and continuing throughout her employment at Speedway, Mr. Piotrowski would make unwanted sexual comments to Ms. Greene including:

    a. Telling Ms. Greene "you look sexy."

    b. Mr. Piotrowski would ask Ms. Greene "What does your ass look like?" and "you gonna let me taste that ass?" in reference to explicit sexual acts.

    c. Mr. Piotrowski would make explicit comments about what he would like "do to [Ms. Greene's] ass."

    d. These comments made Ms. Greene feel distressed and harassed.

19. Starting in or around May 2021, Mr. Piotrowski regularly asked Ms. Greene to go to dinner with him even though Ms. Greene informed Mr. Piotrowski that she had a boyfriend. The advances were unwanted and made Ms. Greene feel deeply uncomfortable.

20. After Ms. Greene refused Mr. Piotrowski's advancements and requests for dinner; he escalated his behavior and started touching her hips, waist, and arms on nearly a daily basis.

21. Throughout May and June 2021, Ms. Greene verbally reported Mr. Piotrowski's unwanted sexual harassment to Mr. Battista per Speedway's harassment policy which states:

> If you believe you have been discriminated or retaliated against or harassed in violation of policy or witnessed discrimination, retaliation or harassment of customers or co-workers, you should <u>immediately</u> report the incident to one of the following:
>
> - Direct supervisor or manager or another supervisor or member of management;

22. On or about June 29, 2021, Ms. Greene reported Mr. Piotrowski's sexual harassment to Mr. Battista via text message stating "..the sexual harassment that's going on and that's store is aboslutely ridiculous..."

23. However, Mr. Battista did not take any steps to investigate her claims.

24. Mr. Battista did not discipline Mr. Piotrowski.

25. Mr. Battista responded to Ms. Greene's complaints by stating "I've had conversations [about sexual harassment] with him [Mr. Piotrowski] before."

26. The text messages from June 29, 2021, between Ms. Greene and Mr. Battista indicated that he received adequate notice of the harassment she faced while employed by Speedway.

27. Ms. Greene followed Speedway's Anti-Harassment policy by reporting harassment to her supervisor, Mr. Battista.

28. Mr. Battista was aware of prior complaints of sexual harassment against Mr. Piotrowski and witnessed such harassment firsthand but did not take any actions to correct the sexual harassment.

29. On or about July 13, 2021, Mr. Piotrowski again escalated his unwanted sexual harassment. While Ms. Greene was leaning over a computer speaking to Mr. Battista, Mr. Piotrowski came up behind her and smacked her butt open handed and then placed his hand between her butt cheeks saying "Whats up sexy."

30. On or about July 13, 2021, Ms. Greene was extremely upset at having been sexually assulted at work. She became visibly upset.

31. On or about July 13, 2021, Ms. Greene made a personal call in the back. Food and Beverage Manager Darla Rickerd yelled at Ms. Greene about the phone call.

32. On or about July 13, 2021, Ms. Rickerd ordered Ms. Greene to leave the store. Ms. Greene left work.

33. On or about July 15, 2021, the District Manager Valerie Simpson met with Ms. Greene about the events of July 13, 2021.

34. On or about July 15, 2021, Ms. Greene told Ms. Simpson about the sexual harassment she had faced since may and submitted a statement to Ms. Simpson. Ms. Simpson told Ms. Greene she would conduct an investigation but was suspending Ms. Greene's employment until the investigation was complete.

35. Ms. Simpson never completed an investigation.

36. Ms. Greene never heard back from Speedway and was not placed back on the schedule after reporting sexual harassment to Ms. Simpson.

37. Speedway terminated Ms. Greene's employment.

38. The gender discrimination and retaliation Ms. Greene suffered while working for Defendant affected her self-esteem and caused her severe emotional distress.

39. The Defendant's extreme and outrageous conduct warrants the imposition of substantial compensatory damages and punitive damages.

**CLAIMS FOR RELIEF**

**COUNT I – VIOLATION OF Title VII - SEXUAL HARASSMENT**

40. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

41. Defendant's conduct described above and herein constitutes sexual harassment and is a violation of Title VII.

42. Defendant's discriminatory conduct was used as a basis for employment decisions affecting Plaintiff.

43. The conduct described above and herein was unlawful sex discrimination committed by Defendant's employees, servants and/or agents who had the effective ability to influence employment actions that could affect Plaintiff, including but not limited to firing.

44. As a direct and proximate result of Defendant's unlawful, willful, deliberate harassment and discrimination against Plaintiff, Plaintiff incurred substantial losses, continuing in their nature, including but not limited to loss wages and loss of benefits, harm to her reputation, adverse effects on her career and diminished earning capacity.

45. As a direct and proximate result of Defendant's unlawful, willful and deliberate discrimination and harassment against Plaintiff, Plaintiff suffered from physical problems including but not limited to emotion distress.

46. By reason of Defendant's unlawful, willful, outrageous and deliberate misconduct towards Plaintiff, Plaintiff is entitled to recover both compensatory and punitive damages in addition to actual damages.

47. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

## COUNT II – VIOLATION OF TITLE VII - RETALIATION
## PRAYER FOR RELIEF

48. Plaintiff incorporates by reference the averments contained in all preceding paragraphs as if fully set forth herein.

49. Defendant has intentionally and willfully engaged in a series of unlawful acts in discriminating against Plaintiff with respect to compensation, terms, conditions, or privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

50. Defendant intentionally retaliated against Plaintiff for opposing Defendant sexual harassment as evidenced by, among other things, Defendant's actions and comments and the temporal proximity of the actions and comments to Plaintiff's termination of employment.

51. Plaintiff has been directly harmed as a result of Defendant's violations as is fully set forth above.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

(a) Assume jurisdiction herein;

(b) Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiff's rights;

(c) Award Plaintiff wage loss damages, including back pay and front pay, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(d) Award Plaintiff compensatory damages under Title VII;

(e) Award Plaintiff punitive damages under Title VII;

(f) Award Plaintiff pre and post-judgment interest;

(g) Award Plaintiff costs and attorneys' fees; and

(h) Grant such other relief as the Court deems just and appropriate.

Respectfully Submitted,

*/s/ Rachel L. McElroy*
Rachel L. McElroy, Esq.
PA ID No. 321624

McElroy Law Firm, LLC
100 First Ave. #1010
Pittsburgh, PA 15222
Phone: 412-620-8735
rachel@mcelroylawfirm.com

Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of July, 2022, the foregoing Plaintiff's First Amended Complaint was served upon all counsel of record via CM/ECF.

/s/ *Rachel L. McElroy*
Rachel L. McElroy